CHARLES W. TROTTER, Appellant, *v.* WILLIAM H. BREVOORT and MARTHA BREVOORT, his Wife, Respondents.

*Reformation of a deed — when a provision of a contract for the sale of land, as to the payment of dividends on stock given as a consideration therefor, will not be inserted in the deed thereof by the court.*

An owner of land incumbered by a mortgage wrote the following letter to a prospective purchaser thereof : " I have concluded, under the circumstances, to accept your proposition of 120 shares of stock of Col. Certif. Co. par value of 12,000 dolls. for my equity in the property, over the 14,000 doll. mortgage, upon the express condition that 6 pr ct at least, or more dividends be declared from August 1st, 1898, on the stock at par value and continue to be so paid quarterly or semi-annually hereafter. * * * I will draw the deed of the property, and the satisfaction of the mortgage I hold of 12,000 dolls. myself, but I cannot get the papers from the Safe Deposit Vault in N. Y. conveniently, until Monday next, July 25th. The deed has to be made subject to a mortgage of 16,000 less $2,000 dolls. paid Aug. 3, 1897, so I must have the papers." The prospective purchaser replied as follows : " Your proposition, dated July 20th, offering to exchange property known as ' 77 & 79 Atlantic street, Brooklyn,' subject to an indebtedness of Fourteen Thousand ($14,000) Dollars at 5%, for Twelve Thousand ($12,000) Dollars of the par value of the stock of the Colorado Certificate Company, this day received and accepted. The dividend on the stock will be paid as you desire and may be increased a trifle should you deem it advisable later. * * * I note that you will draw the deed subject to the Mortgage of Sixteen Thousand ($16,000) Dollars, reciting that Two Thousand ($2,000) Dollars was paid August 3rd, 1897. Also that you will satisfy the Twelve Thousand ($12,000) Dollar second mortgage of record. By your letter this is to be done by Monday next."

The deed delivered was drawn subject to the mortgage but not subject to the permanent payment of dividends on the stock. Subsequently the grantor brought an action against the grantee to procure a reformation of the deed by inserting such a clause.

It appeared from the evidence on the trial of the action that the plaintiff agreed to take the stock upon the defendant's assurance that the dividends would be paid and that no other or more binding guaranty was then required.

*Held,* that the plaintiff was not entitled to the relief asked for.

That, as there was no agreement that the condition as to the dividends should be inserted in the deed such agreement was not omitted by mistake.

*Semble,* that the mistake, if any, was one of law in that the plaintiff supposed that the agreement in reference to the stock could be enforced without its insertion in the deed.

APPEAL by the plaintiff, Charles W. Trotter, from a judgment of the Supreme Court in favor of the defendants, entered in the office

of the clerk of the county of Kings on the 2d day of April, 1900, upon the decision of the court rendered after a trial at the Kings County Special Term dismissing the complaint upon the merits.

*Nelson S. Spencer* [*Wilbur Larremore* with him on the brief], for the appellant.

*Robert Leslie Moffett,* for the respondents.

HIRSCHBERG, J. :

This action is brought to procure a reformation of a deed of conveyance of real estate in the borough of Brooklyn. The learned trial justice has found that the deed as executed was in entire accord with the intent of the parties at the time of its execution, and that the plaintiff is, therefore, not entitled to the reformation which he seeks.

The contract between the parties which resulted in the conveyance may be gathered from a letter written by the plaintiff to the defendant William H. Brevoort, in which he stated that " I have concluded, under the circumstances, to accept your proposition of 120 shares of stock of Col. Certif. Co. par value of 12,000 dolls. for my equity in the property, over the 14,000. doll. mortgage, upon the express condition that 6 pr ct at least, or more dividends be declared from August 1st, 1898, on the stock at par value and continue to be so paid quarterly or semi-annually hereafter.   *   *   * I will draw the deed of the property, and the satisfaction of the mortgage I hold of 12,000 dolls. myself, but I cannot get the papers from the Safe Deposit Vault in N. Y. conveniently, until Monday next, July 25th. The deed has to be made subject to a mortgage of 16,000 less $2,000 dolls. paid Aug. 3, 1897, so I must have the papers." The defendant replied in writing, saying, " Your proposition, dated July 20th, offering to exchange property known as ' 77 & 79 Atlantic street, Brooklyn,' subject to an indebtedness of Fourteen Thousand ($14,000) Dollars at 5%, for Twelve Thousand ($12,000) Dollars of the par value of the stock of the Colorado Certificate Company, this day received and accepted. The dividend on the stock will be paid as you desire and may be increased a trifle should you deem it advisable later.   *   *   * I note that you will draw the deed subject to the Mortgage of Sixteen Thousand ($16,000)

Dollars, reciting that Two Thousand ($2,000) Dollars was paid August 3rd, 1897. Also that you will satisfy the Twelve Thousand ($12,000) Dollar second mortgage of record. By your letter this is to be done by Monday next."

The plaintiff had the deed prepared in accordance with the understanding as stated in these letters, subject to the mortgage, but not subject to the permanent payment of dividends on the stock, and it was duly executed and delivered. He subsequently endeavored to procure from the defendant a written guaranty that the stock would always pay a dividend, which guaranty the defendant declined to execute, whereupon this action was brought for the purpose, among other things, of procuring a reformation of the deed by the insertion of the clause that " This conveyance is executed and delivered upon the express condition that dividends at the rate of at least six per cent or more per annum be declared and paid from August 1st, 1898, on one hundred and twenty (120) shares of the capital stock of the Colorado Certificate Company of the par value of $12,000, which is the consideration of this conveyance, and continue to be so declared and paid quarterly or semi-annually hereafter."

The plaintiff made no claim upon the trial that this condition was omitted from the deed by mistake, either of law or fact. There was no agreement or understanding for its insertion. The deed as executed and delivered was just what the parties intended should be executed and delivered, neither party contemplating that the defendant should receive a deed which upon its face would destroy his title to the real estate for every purpose excepting that of occupancy. The plaintiff testified that nothing was omitted from the deed. He testified on cross-examination : " Q. The deed was drawn exactly as you wanted it, according to your instructions, wasn't it ? A. Yes." He further testified as follows : " Q. Now, when you handed Mr. Brevoort all of these papers and the deed, and he gave you the 120 shares of Colorado Certificate Company stock, why the transaction was closed, was it not ? A. Yes. Q. There was no more to be given to you, was there ? A. No. Q. And the deed recited exactly what you intended it to recite, did it not ? A. Yes, the deed showed the $14,000 mortgage. Q. There was no exception to it at all, then ? A. I think not. Q. There were no condi-

tions to be added, were there ?   A. It seemed to me so, there was nothing more.   You asked me the question whether there was anything more to be put in the deed ?   Q. Yes ?   A. I didn't suppose there was.   I next saw Mr. Brevoort after I handed him the deed and he walked out of the house in September, about the 1st of September.   He came here, I suppose, to talk about the bonds.   No one was present here when I talked with him.   First I made a demand for the reconveyance of the property, next to guarantee the value of the stock.   He wouldn't do that.   Q. He never had agreed to do that, had he ?   A. I don't know about that.   Q. He never had agreed to guarantee the dividends to you ?   A. No.   He said they would be paid.   Q. But he didn't guarantee that the dividends would be paid to you ?   A. I don't know that he did."

The plaintiff invokes the principle that where an instrument is drawn and executed which professes, or is intended, to carry into execution an agreement previously entered into, but which by mistake of the draftsman either as to fact or law does not fulfill the manifest intention of the parties to the agreement, equity will correct the mistake.   The principle has no application to this case. There was no arrangement between the parties that all the conditions embraced in the correspondence should be inserted in the deed. The deed was not executed for the purpose of fulfilling the agreement in reference to the shares of stock, but for a transfer of the real estate only.   There was no agreement that the condition relative to dividends on the stock should be inserted in the deed, and, therefore, that provision was not omitted because of any mistake which equity will correct.   It may be that the plaintiff supposed that the agreement in reference to the stock would be enforcible without its insertion in the deed, and that such belief is a mistake of law, yet it would not be within the province of a court of equity to correct such mistake in the way the plaintiff asks to have it done. In *Hunt* v. *Rousmaniere's Adm.* (1 Pet. 1), cited by the plaintiff, this distinction is pointed out.   The court said (p. 15) : " The question, then, is, ought the court to grant the relief which is asked for, upon the ground of mistake arising from any ignorance of law ? We hold the general rule to be, that a mistake of this character is not a ground for reforming a deed founded on such mistake; and whatever exceptions there may be to this rule, they are not only

few in number, but they will be found to have something peculiar in their characters." *Snell* v. *Insurance Co.* (98 U. S. 85) and *Elliott* v. *Sackett* (108 id. 132) do not contravene this doctrine. In the former case the misnomer in the policy was induced solely by the statements and representations of the company, and in the latter case a provision was inserted by mistake in the deed by which the grantee was made to assume a mortgage debt where the agreement was only that he should take the property subject to the incumbrance. Both cases are within the common and frequent exercise of the equitable jurisdiction.

Referring to the case of *Hunt* v. *Rousmaniere's Adm.* (*supra*), Commissioner EARL said in *Pitcher* v. *Hennessey* (48 N. Y. 415, 424): " Sometimes it happens that parties agree, as in the case above cited from Peters, to carry out their agreement by an instrument which, by their mistake of the law, will not effectuate their intention. In such a case equity will not reform the instrument, or substitute another instrument which will, in law, give effect to their intention, because they adopted and agreed upon the particular instrument, and equity will not compel them to execute an agreement which they never agreed to execute, and thus make an agreement for them."

The rule in this State was set forth by Judge FINCH in *Haviland* v. *Willets* (141 N. Y. 35, 50), and has been since reiterated in *Greene* v. *Smith* (160 id. 533, 539). It is generally to the effect that equity will not afford relief where there has been a mutual mistake of law, or where there has been a mistake of law on one side only, unless there has also been fraud, or inequitable, unfair or deceptive conduct on the other side, which tends to confirm the mistake and conceal the truth.

The learned trial justice has found as a fact that the parties did not intend or agree that the real estate should be conveyed upon the condition subsequent that the dividends should be forever paid upon the stock. This conclusion is fully supported by the evidence. The plaintiff agreed to take the stock upon the defendant's assurance that such dividends would be paid, and no other or more binding guaranty was then required. There was no agreement that the repugnant condition should be inserted in the deed, and such condition was not, therefore, omitted by mistake. Even in the view

which the plaintiff takes of the agreement the condition would relate solely to the transfer of the stock, and not to the deed of the real property. What, and whether any, remedy is open to the plaintiff to enforce his claim to a continuing guaranty or for alternative damages is not for this court now to determine. It is sufficient that on the proof in this case nothing was shown which justified a reformation of the deed or a rescission of the contract.

All concurred.

Judgment affirmed, with costs.